**IN THE SUPERIORCOURT OF THE STATE OF DELAWARE**

BANC OF AMERICA FUNDING )
CORPORATION 2007-3, U.S. )
BANK NATIONAL ASSOCIATION, )
AS TRUSTEE ) C.A. No.: K24M-03-017 RLG
)
       Plaintiff, )
)
  v. )
)
JAMES COPPEDGE AND )
KRISHNA JOHNSON )
)
       Defendants. )

Submitted:  September 25, 2024
Decided:  October 15, 2024


**<u>ORDER</u>**


**Upon Defendants' Motion for Reconsideration of Order – DENIED.**


Melanie J. Thompson, Esquire and Darlene Wyatt Blythe, Esquire, Orlans PC, Wilmington, Delaware. *Attorneys for Plaintiff.*

James Coppedge and Krishna Johnson, *Pro Se Defendants.*


**GREEN-STREETT, J.**

This 15th day of October, 2024, upon consideration of Defendants' Motion for Reconsideration, it appears to the Court that:

1.  On May 22, 2024, this Court granted Plaintiff's Petition for Writ of Possession.[1] At that time, the Court issued a stay of execution for 90 days to allow Defendants ample time to make any necessary arrangements to comply with the Court's Order.[2]

2.  Since the issuance of that Order, Defendants have filed several motions asking the Court to revisit its decision. On September 3, 2024, this Court denied Defendants' "Petition to Vacate Void Judgment."[3] That motion largely restated the same arguments Defendants advanced in prior motions.[4] Accordingly, this Court considered the motion as a motion for

---

[1] D.I. 13 (May 24, 2024).

[2] Id.

[3] D.I. 28 (Sept. 3. 2024).

[4] See D.I. 19 (Defs.' "Petition to Stay the Proceeding Due to Appeals; Pursuant to Rule 62"); see also D.I. 26 (Defs.' "Petition to Vacate Void Judgment"); See generally Case No.: K11L-02-042 NEP D.I. 53 (Defs.' Mot. to Void J., Apr. 10, 2015); D.I. 56 (Defs.' "Motion to Void Judgement [sic] Notice of Fault Opportunity to Cure [sic]," Apr. 21, 2015); D.I. 62 (Defs.' "Notice of Appeal to the United States Supreme Court Washington DC Supreme Court of DE [sic]," Apr. 24, 2015); D.I. 66 (Defs.' Mot. for Reconsideration, Apr. 30, 2015); D.I. 75 (Defs.' Mot. to Dismiss, Jul. 13, 2015); D.I. 82 (Defs.' Mot. to Quash, Feb. 23, 2016); D.I. 101 (Defs.' Mot. for Reconsideration and Stay of Proceedings, Jul. 25, 2017); D.I. 104 (Defs.' "Motion to Open Case Part 2 to Show Cause Why the Case must be Re-Opened with Petition to Dismiss [sic]," Aug. 3, 2017); D.I. 107 (Defs.' "Motion to Stay Proceeding to Enforce a Judgment Pending an Appeal to the Supreme Court," Oct. 27, 2017); D.I. 123 (Defs.' Mot. to Vacate Void Judgment, Sep. 10, 2019); D.I. 137 (Defs.' Letter to the Court, Sep. 17, 2019); D.I. 140 (Defs.' "Affidavit of Negative Argument," Sep. 24, 2019); D.I. 150 (Defs.' "Motion for Extraordinary Emergency Relief for Stay of the

reargument under Superior Court Civil Rule 59(e).[5]  As the Court had not overlooked a controlling precedent or legal principle, nor had it misapprehended the law or facts, the Court denied the motion.

3.    Defendants filed the instant Motion for Reconsideration on September 23, 2024.[6]  Defendants assert the Court's most recent decision "is mistaken in that it omitted issues or ignored issues."[7]  Defendants advance similar arguments to those raised in prior motions.  Thus, this Court reviews the instant motion, again, as a motion for reargument.

4.    Plaintiff filed its Response on September 25, 2024.[8]  Plaintiff contends Defendants' motion falls outside the timeframe permitted for motions for reargument under Superior Court Civil Rule 59(e).[9]  Plaintiff further notes Defendants' bankruptcy petition has been dismissed with prejudice, and

---

Proceedings," Sep. 26, 2019); D.I. 160 (Defs.' "Motion for Reconsideration to Dismiss Sheriff's Sale," Oct. 8, 2019).

[5] See U.S. Bank National Association v. Coppedge, 2015 WL 2209073, at *1 (Del. Super. May 5, 2015) (finding a similarly repetitive motion should be analyzed under Superior Court Civil Rule 59(e)).

[6] D.I. 30.

[7] Id. at 1.

[8] D.I. 31.

[9] Pl.'s Resp. at 1.

Defendants have been "barred from filing for bankruptcy relief for two (2) years."[10]

5. Superior Court Civil Rule 59(e) governs motions for reargument, and states "[a] motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision." The Court's most recent decision in this litigation occurred on September 3, 2024, when the Court denied Defendants' previous motion for reargument. Defendants filed the instant motion sixteen days later, placing it well outside of the deadline established by Rule 59(e). Therefore, Defendants' motion is untimely.

6. Even if the Court permitted Defendants to file their motion out of time, their motion fails on its merits. Superior Court Civil Rule 59(e) allows the Court to reconsider its findings of fact, conclusions of law, or judgments.[11] "The moving party must demonstrate that the Court [ ] overlooked a controlling precedent or legal principles, or the Court [ ] misapprehended the law or facts such as would have changed the outcome of the underlying decision."[12] A motion for reargument does not function as an opportunity

---

[10] Id. at 2.

[11] Kappa Alpha Educ. Found., Inc. v. City of Newark, 2020 WL 62618, at *1 (Del. Super. Jan. 6, 2020) (citing Hessler, Inc. v. Farrell, 260 A.2d 701, 702 (Del. 1969)).

[12] Id. (internal quotations omitted) (quoting Lamourine v. Mazda Motor of Am., Inc., 2007 WL 3379048, at *1 (Del. Super. Sept. 24, 2007)).

4

for the moving party "to rehash arguments already decided by the Court or to present new arguments not previously raised."[13]

7.    As with Defendants' prior motions, the Court has not overlooked a controlling precedent or legal principle.  Similarly, the Court has not misapprehended the law or facts in a manner affecting the outcome of its previous decisions in this case.  Defendants continue to raise meritless arguments this Court has already heard and rejected.[14]  At this point, the Court will not consider any further filings from Defendants in this case.

8.    **THEREFORE**, Defendants' Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge

---

[13] Id.

[14] See Coppedge v. U.S. Bank Nat. Ass'n, 35 A.3d 418 (Del. 2011) (TABLE); see also Coppedge v. U.S. Bank Nat. Ass'n, 103 A.3d 514 (Del. 2014) (TABLE); see also Banc of Am. Funding Corp. v. Coppedge, 2024 WL 3691980, at *1 (Del. Super. Aug. 6, 2024).